In re SALVATOR BREWING CO.

(District Court, S. D. New York. October 3, 1910.)

No. 10,631.

1. BANKRUPTCY (§ 166*)—CORPORATIONS—TRANSFER OF ASSETS—FRAUD.

Where an insolvent corporation more than four months before bankruptcy transferred to director creditors certain mortgages and liquor tax certificates in order to give such directors a preference over other creditors, the transfer was invalid under New York Stock Corporation Law

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(Laws 1890, c. 564) § 48, prohibiting any stock corporation from making any transfer of its property when insolvent with intent to give a preference over any creditor, and under the general law.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 166.*]

2. CORPORATIONS (§ 542*)—DIRECTOR CREDITORS—PROTECTION.

Though directors of a corporation may loan money or credit to it and take security therefor when the corporation is temporarily embarrassed, if they act in good faith they cannot at a time when insolvency is impending transfer the corporation's property to themselves as security for loans previously made.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2154–2160; Dec. Dig. § 542.*]

3. BANKRUPTCY (§ 178*)—INSOLVENCY—CREDITOR DIRECTORS—SECURITY—GOOD FAITH—EVIDENCE.

A corporation on impending insolvency renewed notes which certain of its directors had indorsed, and assigned to the directors as security certain mortgages and liquor tax certificates. The only entry of the transaction in the corporation's books was a resolution authorizing the assignment in the directors' minutes. No entry of the execution of the assignment was made, and the mortgages and certificates appeared as assets on the books. They were also entered as assets in the auditor's balance sheet several months after the alleged assignment, and the mortgages and certificates remained in the company's safe and were dealt with freely by it. *Held*, that the transfer was colorable merely, and not in good faith, and was therefore unsustainable as against the corporation's other creditors in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 178.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Salvator Brewing Company. On report of a special master revising a decree setting aside an assignment of mortgages and liquor tax certificates by the corporation and certain of its director creditors. Report confirmed.

Henry A. Rubino, for trustee.

Holm, Whitlock & Scarff (Victor E. Whitlock, of counsel), for claimant.

HOLT, District Judge. The provisions of the bankrupt act (Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), making preferences created under certain circumstances within four months of the bankruptcy proceedings void, have obviously no application to this case. The transactions alleged to have constituted a preference took place more than four months before the petition was filed. But I think that the alleged assignment of the mortgages and liquor tax certificates on June 26, 1907, was void under section 48 of the New York stock corporation law (Laws 1890, c. 564), which prohibits any stock corporation from making any transfer of its property when insolvent with intent to give a preference to any creditor. The evidence satisfies me that the bankrupt was insolvent at that time, and admittedly the intent and effect of the transfer was to give the directors a preference over other creditors.

Even if there had been no such state statutes, I think the transfer would have been invalid under general principles of law. Directors

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a corporation can loan money or credit to it and take security for such loan from it, even when such corporation is temporarily embarrassed, when acting in good faith, in order to enable the corporation to overcome temporary embarrassments and to carry on its business, and in the expectation that the corporation will ultimately continue as a solvent concern. . But directors of a corporation who have loaned it money or credit cannot, when they find the danger of insolvency impending, transfer its property to themselves as security for their claims. In my opinion this was what was done in this case. The indebtedness to the directors existed. No new debt was created. The renewal of the notes and their indorsement was a mere extension of an existing liability. Nor was the transaction done in good faith in the legal sense. The only entry of the transaction in the company's books was the resolution authorizing the assignment in the directors' minutes. No entry of the execution of the assignment was made. The mortgages and certificates appeared as assets on the books. They were entered as assets in the auditor's balance sheet in December, 1907. The mortgages and certificates remained in the company's safe and were dealt with freely by the company. The alleged delivery of them to Meyer was merely colorable, and was, in my opinion, no delivery at all. All the other tangible assets were mortgaged. The price of malt had suddenly nearly doubled, and the term of credit on which it could be bought had been reduced from 90 to 30 days. The company was selling its beer at ruinously low prices. The balance sheet for the year showed a heavy loss. From every point of view the future of the business looked dark. All these circumstances indicate, in my opinion, that the directors, in attempting to take, as security for their liability as indorsers, all the remaining free assets of the company, were acting, in apprehension of the possible insolvency of the company, in their personal interest, in order to obtain a preference over other creditors, and were not, in good faith, simply affording temporary aid to enable the company to go on and establish ultimately a successful business.

The report of the special master is confirmed, with costs.